2015 UT App 82

## THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF B.L.D., A PERSON UNDER
EIGHTEEN YEARS OF AGE.

B.L.D.,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Decision
No. 20140494-CA
Filed April 9, 2015

Third District Juvenile Court, Salt Lake Department
The Honorable C. Dane Nolan
No. 142590

Monica Maio, Pamela L. Vickrey, and William R.
Russell, Attorneys for Appellant

Sean D. Reyes and Tera J. Peterson, Attorneys
for Appellee

Before JUDGES STEPHEN L. ROTH, JOHN A. PEARCE, and
KATE A. TOOMEY.

PER CURIAM:

¶1     B.L.D. appeals the juvenile court's dispositional order imposing thirty days of detention as a result of an adjudication of curfew violation. This case is before the court on the State's motion for summary reversal and remand, which the State filed in lieu of a brief. We grant that motion.

¶2     B.L.D.'s appeal raises the single issue of whether the juvenile court erred in ordering thirty days of detention, suspended, following an adjudication of curfew violation because the curfew violation is an offense that is ineligible for

detention. We review a trial court's interpretation of a statute for correctness. *See State v. Graham*, 2011 UT App 332, ¶ 14, 263 P.3d 569 ("Questions of statutory interpretation are matters of law, which we review for correctness."). The State concedes that the juvenile court erred by imposing detention for thirty days for a curfew violation, even if suspended, and agrees that the relief requested by B.L.D. on appeal should be granted.

¶3     Under Utah law, a juvenile court may order detention only for "an act which if committed by an adult would be a criminal offense" or for "contempt of court." Utah Code Ann. § 78A-6-117(2)(f)(ii) (LexisNexis 2012). The curfew violation B.L.D. admitted is a juvenile status offense that applies only to a minor under the age of sixteen.[1] *See* Davis County Code § 9.08.010 ("It is unlawful for any minor under the age of sixteen (16) years to be in or on any public street, park, square or any public place between the hours of eleven p.m. and daylight."). Because detention may only be ordered after adjudication for "an act which if committed by an adult would be a criminal offense" or for "contempt of court", the juvenile court erred in ordering thirty days of detention, suspended.

¶4     Accordingly, we grant the State's motion to reverse the juvenile court's dispositional order committing B.L.D. to detention for thirty days, suspended, and remand for further proceedings consistent with this decision.[2]

——————

1. A juvenile status offense is a violation of the law that would not be a violation "but for the age of the offender." Utah Admin. Code R547-13-3(2).

2. In response to the State's motion, B.L.D. requests that the juvenile court also be directed to "delete any and all references to the order of stayed detention in C.A.R.E." While we decline to direct the juvenile court on this matter, the relief may be sought from the juvenile court in the proceedings after remand.